FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

9/18/24

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                             CASE NO. 3:24-cr-33-TJC-PDB

JHATARRION JAKWAN SAMPSON

### NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, stating as follows:

### ESSENTIAL ELEMENTS

The essential elements of a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon, are as follows:

<u>First</u>:     the Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce;

<u>Second</u>:     before possessing the firearm, the Defendant had been convicted of a felony – a crime punishable by imprisonment for more than one year; and

<u>Third</u>:     at the time the Defendant possessed the firearm, the Defendant knew he had previously been convicted of a felony.

## PENALTY

Count One is punishable by a term of imprisonment of not more than fifteen years, a fine of $250,000, or both imprisonment and a fine, a term of supervised release of not more than three years, and a special assessment of $100. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than two years of imprisonment as well as the possibility of an additional term of supervised release.

Additionally, the defendant must forfeit property, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), as outlined in the Indictment.

## PERSONALIZATION OF ELEMENTS

1. On or about September 25, 2023, did you knowingly possess a firearm in or affecting interstate and foreign commerce?

2. Before possessing said firearm, did you have at least one felony conviction, that is, a conviction for a crime punishable by imprisonment for more than a year?

3. At the time you possessed said firearm, did you know that you were a convicted felon?

FACTUAL BASIS

On December 15, 2022, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) agents along with a confidential informant (CI) conducted a controlled purchase of two firearms from the defendant and another individual. The transaction took place at a KFC parking lot located at 1007 S Lane Ave, Jacksonville, Florida.

Prior to the purchase, the CI informed ATF that the CI knew the defendant as "JT," who was recently released from jail and was selling firearms. Based on physical descriptors and social media, the agents identified JT as the defendant and the CI confirmed the defendant's identity via a Florida driver's license photo.

On the December 15, 2022, the defendant agreed to meet with the CI, along with another ATF CI (CI-2), at a public storage facility located on the westside of Jacksonville. The defendant also confirmed that the firearms were located at the storage facility. Before the transaction, ATF equipped the CIs with audio and video surveillance equipment and provided them with $1500. As both CIs drove towards the storage facility, the defendant contacted them and instructed them to meet him at an adjacent KFC. Upon the CIs arrival, the defendant was observed standing outside of the passenger-side door of a Chevy sedan and wearing red pants and a black t-shirt. Once the CIs arrived, the defendant proceeded to show the CIs his personal firearm that he had concealed in the glove box of the sedan. The defendant removed the firearm and described it as a Glock 43x with a laser sight. This

demonstration was captured on audio and video surveillance.

Next, the defendant told the CIs that the person bringing their firearms, JB, was on the way from the storage facility. The defendant then called JB who answered at the storage facility. During the call, JB asked the defendant what type of firearms the CIs wanted to buy. The defendant stated that the CIs had $1500 to spend. A few minutes later, JB was seen walking from the direction of the storage facility and toward the meeting location wearing a white long-sleeve shirt, light-colored jeans, and carrying a red backpack. At the same time, a burgundy Cadillac registered to JB arrived and parked at the meeting location.

Once JB arrived, the defendant confirmed to JB that he knew the CI very well and that they both were previously incarcerated together. After, the defendant opened the rear passenger seat of his vehicle and JB placed his backpack on the rear seat and revealed its contents. The CIs then observed a Glock pistol, an AR-15 rifle with no stock, and at least two additional pistols. The CI paid JB $1500 for the Glock pistol and the AR-type firearm. JB then mentioned that he had additional firearms to sell, including a Glock conversion kit. The CI later obtained JB's phone number from the defendant.

On September 25, 2023, an ATF undercover agent (UC) and the CI purchased two firearms from the defendant at a Walmart parking lot located at 4250 Philips Hwy, Jacksonville, Florida 32207. On September 20, 2023, the CI notified agents that the defendant contacted him via Snapchat and indicated that he was looking to sell an AR-15. The CI agreed to purchase the rifle and told the defendant to hold the

firearm until September 25, 2023. Prior to the transaction, on September 24, 2023, the defendant sent the CI another Snapchat photo of five firearms (three rifles and two pistols). In the message, the defendant stated that "My dawg got that middle k for sale"—referencing the AK rifle in the middle of the photo. The CI was able to take a screenshot of the Snapshot image before it vanished. The CI then responded to the defendant and stated that he would purchase both firearms.

On the day of the transaction, the CI confirmed that the defendant wanted $900 for the AR-15 rifle and $1,100 for the AK rifle. The defendant also charged an additional $100 for traveling from Dunns Ave to Philips Hwy to meet the CI. Before the transaction, the CI and the UC were both equipped with audio and video surveillance equipment and the CI was provided $2100 for the transaction. While en route to the meeting location, the defendant called the CI and stated that he was at the location and sitting in a red Ford Explorer. After arriving, the defendant provided the UC and CI with two rifles and was observed handling a backpack containing a 12-guage shotgun. The CI paid the defendant $2100 for the rifles and left the scene.

The two firearms were identified as an Aero Precision, model X15, 5.56/223 caliber rifle with a magazine loaded with 12 rounds of ammunition; and a Norinco, 7.62 caliber rifle, model Mac-90 Sporter with two magazines loaded with ammunition. In addition, one of the serial numbers was obliterated on the Norinco firearm.

The Aero Precision rifle was manufactured in the state of Washington and the Norinco rifle was manufactured in China, thus, possession of the firearms affected both interstate and foreign commerce.

At the time the defendant possessed the aforementioned firearms, he knew that he had the following felony convictions: (1) Robbery by Sudden Snatching on or about June 10, 2020, Case Number 10-2019-CF-000201A, Circuit Court, Fourth Judicial Circuit, Clay County, Florida; and (2) Possession of Controlled Substance Without a Prescription on or about October 25, 2021, Case Number 10-2021-CF-000402A, Circuit Court, Fourth Judicial Circuit, Clay County, Florida.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: /s/ Kirwinn Mike
KIRWINN MIKE
Assistant United States Attorney
Florida Bar No. 0127588
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: Kirwinn.Mike@usdoj.gov

U.S. v. JHATARRION SAMPSON          Case No. 3:24-cr-33-TJC-PDB

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Katie Sheldon, Esq.

                    Respectfully submitted,

                    ROGER B. HANDBERG
                    United States Attorney

By:   */s/ Kirwinn Mike*
       KIRWINN MIKE
       Assistant United States Attorney
       Florida Bar No. 0127588
       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202
       Telephone: (904) 301-6300
       Facsimile: (904) 301-6310
       E-mail: Kirwinn.Mike@usdoj.gov